**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ODETTE BLANCO DE FERNANDEZ,**                          **CIVIL ACTION**
**ET AL.**

                                                          **NO. 21-339**
**VERSUS**

                                                          **SECTION: "P" (2)**
**A.P. MOLLER-MAERSK A/S a/k/a A.P.**
**MOLLER-MAERSK GROUP, ET AL.**

**ORDER AND REASONS**

Before the Court are the following motions: (1) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (R. Doc. 62); (2) Plaintiffs' Motion to Transfer Venue (R. Doc. 56); and (3) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (R. Doc. 63). The Court heard oral argument on the subject motions on May 18, 2026. Having considered the motions, the memoranda in support and in opposition to the motions, the record, the applicable law, and the parties' oral arguments, the Court rules as follows.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This action involves claims brought by Plaintiffs under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, codified at 22 U.S.C. § 6021, et seq., also known as the Helms-Burton Act ("the Act"). Plaintiffs allege they own claims to property that was confiscated by the Cuban Government on or after January 1, 1959. Plaintiffs seek damages and interest from Defendants under the Act based on Defendants' alleged trafficking in said confiscated property.[1] Plaintiffs include Odette Blanco de Fernandez née Blanco Rosell, the estates of her four deceased siblings, and the 13 descendants of her deceased siblings.[2] Plaintiffs'

---

[1] R. Doc. 1 at ¶ 1.
[2] *Id.* at ¶¶ 9–26.

Complaint names four defendants: A.P. Moller-Maersk A/S; Maersk A/S; Maersk, Inc.; and Maersk Agency.[3]

Although Plaintiffs filed this case over five years ago, the case has not advanced past the pleadings stage due to a series of consent motions to statistically close the case to allow other lawsuits impacting this case to progress.[4] Now that the case has been reopened, Defendants move to dismiss the case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[5] Defendants also move to dismiss the case under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiffs lack standing and have failed to state a claim upon which relief can be granted.[6] At oral argument, counsel for Plaintiffs conceded that there is no basis for personal jurisdiction over any of the defendants in this Court. But rather than dismissing the case without prejudice, Plaintiffs urge the Court to grant their motion to transfer venue to the United Stated District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1631.

## II.   LAW AND ANALYSIS

Under 28 U.S.C. § 1631, when a court "finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed."[7]  The text of Section 1631 imposes a mandatory duty to transfer a case when the statute's requirements are met.[8] Thus, transfer is required if: (1) "the transferor court lacks jurisdiction;" (2) "the transferee court would

---

[3] *Id.* at ¶¶ 27–30.
[4] *See* R. Docs. 28, 34, and 47.
[5] R. Doc. 62.
[6] R. Doc. 63.
[7] 28 U.S.C. § 1631.
[8] *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 796 (5th Cir. 2021).

have been able to exercise its jurisdiction on the date the action was misfiled;" and (3) "the transfer serves the interest of justice."[9]

### A. This Court lacks personal jurisdiction over all Defendants.

As stated above, Defendants moved to dismiss this case for lack of personal jurisdiction, and Plaintiffs concede that they cannot establish personal jurisdiction in this case in light of the affidavits presented by Defendants in support of their motion as well as the intervening change in the law in the Fifth Circuit on general personal jurisdiction and Rule 4(k)(2). Upon review of the record and the applicable law, this Court agrees it lacks personal jurisdiction over all four defendants named in the Complaint. The Court therefore must determine whether to dismiss this action, as requested by Defendants, or to transfer the action, as requested by Plaintiffs.

### B. The transferee court would have been able to exercise jurisdiction over Defendants Maersk A/S and Maersk Agency on the date this action was filed.

Plaintiffs assert that the Eastern District of Pennsylvania could have exercised personal jurisdiction over Maersk A/S and Maersk Agency at the time this action was filed. Plaintiffs thus move the Court to transfer their claims against these two defendants to the Eastern District of Pennsylvania.[10] Plaintiffs state they will dismiss their claims against A.P. Moller-Maersk A/S and Maersk, Inc. without prejudice if the claims against Maersk A/S and Maersk Agency are transferred.[11] In essence, Plaintiffs seek to sever their claims against Maersk A/S and Maersk Agency and to transfer the action involving those claims to the Eastern District of Pennsylvania, and Plaintiffs concede that their claims against A.P. Moller-Maersk A/S and Maersk, Inc. are

---

[9] *See Harutyunyan v. Love*, Civil Action No. 19-41, 2019 WL 5551901, at *4 (E.D. La. Oct. 28, 2019) (quoting *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010)); *see also In re Exclusive Indus. Corp.*, 751 F.2d 806, 809 (5th Cir. 1985) (listing the same requirements but tailored to the appellate context).
[10] *See* R. Doc. 56-1 at 4.
[11] *Id.*

subject to dismissal without prejudice.  Accordingly, the Court's Section 1631 transfer analysis is limited to Plaintiffs' claims against Maersk A/S and Maersk Agency.

Plaintiffs seek to invoke the Eastern District of Pennsylvania's exercise of personal jurisdiction over Maersk A/S and Maersk Agency based on 42 Pa. Cons. Stat. § 5301, which states that "qualification as a foreign corporation under the laws of [Pennsylvania]" constitutes "a sufficient basis of jurisdiction to enable the tribunals of [Pennsylvania] to exercise general personal jurisdiction" over said foreign corporation.[12] Plaintiffs submit that Maersk A/S and Maersk Agency were registered and qualified to do business in Pennsylvania when this action was filed in February 2021, and that both defendants have continued to be registered and qualified to do business in Pennsylvania at all relevant times.[13]

Defendants do not dispute that they were registered and qualified to do business as foreign corporations in Pennsylvania at the time this action was filed, but Defendants contend that under Pennsylvania law at the time this action was filed, the Eastern District of Pennsylvania could not have exercised personal jurisdiction over Maersk A/S and Maersk Agency. The Court disagrees.

While the Court acknowledges the challenges to the constitutionality of 42 Pa. Cons. Stat. § 5301 that were occurring in the Pennsylvania courts in the years prior to the filing of this action,[14] the Pennsylvania Superior Court's holding in *Webb-Benjamin, LLC v. International Rug Group, LLC*, 192 A.3d 1133 (Pa. Super. Ct. 2018), was the law of Pennsylvania on this issue at the time this action was filed in February 2021.[15] And under *Webb-Benjamin*'s holding, Section 5301

---

[12] 42 PA. CONS. STAT. § 5301(a)(2)(i).

[13] *See* R. Docs. 56-1 at 6; R. Doc. 56-4; and R. Doc. 56-5.

[14] *See, e.g.*, *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648 (E.D. Pa. 2016); *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278 (M.D. Pa. 2018); *Mallory v. Norfolk S. Ry. Co.*, 2018 WL 3025283 (Pa. Com. Pl. May 30, 2018); *Webb-Benjamin, LLC v. Int'l Rug Grp., LLC*, 192 A.3d 1133 (Pa. Super. Ct. 2018).

[15] *See Kantor v. Hiko Energy, LLC*, 100 F. Supp. 3d 421, 427 (E.D.Pa. 2015) ("The Superior Court's holding, unless and until it is overruled by the Pennsylvania Supreme Court, is the law of Pennsylvania.") (citing *Commonwealth v. Forbes*, 867 A.2d 1268, 1279 (Pa. Super. Ct. 2005)).

remained a proper method of exercising general personal jurisdiction over foreign companies registered to do business in Pennsylvania.[16] It was not until December 2021, in *Mallory v. Norfolk Southern Railway Company*, 266 A.3d 542 (Pa. 2021), that the Pennsylvania Supreme Court addressed the issue of Section 5301's constitutionality and overruled *Webb-Benjamin*.[17] But as Plaintiffs point out, *Mallory* was not the controlling law at the time this action was filed, and it is not the controlling law today. In June 2023, the United States Supreme Court vacated the Pennsylvania Supreme Court's decision in *Mallory*,[18] making clear that Pennsylvania's statutory scheme—which requires out-of-state corporations to register with the state before doing business there, and which provides that registering to do business in the state will allow Pennsylvania courts to exercise general personal jurisdiction over the registered foreign corporations—does not violate the Due Process Clause of the Fourteenth Amendment.[19]  Thus, based on the law at the time this action was filed, and as the law stands today, the Eastern District of Pennsylvania could have exercised general personal jurisdiction over Maersk A/S and Maersk Agency pursuant to 42 Pa. Cons. Stat. § 5301.[20]

### C. Transfer to the Eastern District of Pennsylvania serves the interest of justice.

The parties dispute whether transfer to the Eastern District of Pennsylvania is in the interest of justice. Having considered the arguments presented in the briefing and at oral argument, the Court concludes transfer of Plaintiffs' claims against Maersk A/S and Maersk Agency to the

---

[16] *See Webb-Benjamin,* 192 A.3d at 1139 ("[W]e conclude that *Daimler* does not eliminate consent as a method of obtaining personal jurisdiction. Accordingly, pursuant to 42 Pa. C.S.A. § 5301, Pennsylvania may exercise general personal jurisdiction over [plaintiff's] claims against [defendant].").

[17] *Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542 (Pa. 2021), *vacated*, 600 U.S. 122 (2023).

[18] *Mallory*, 600 U.S. at 146.

[19] *Id*. at 134–36.

[20] *See Vonbergen v. Liberty Mutual Ins. Co.*, 705 F. Supp. 3d 440, 448 (E.D. Pa. 2023) ("Pennsylvania expressly permits its courts to exercise 'general personal jurisdiction' over registered foreign corporations, 42 Pa. Cons. Stat. § 5301(a)(2)(i), and the Supreme Court has explained that a foreign corporation consents to this general personal jurisdiction by complying with Pennsylvania's registration requirements[.]") (citing *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 134–35 (2023)).

Eastern District of Pennsylvania is in the interest of justice. First, the Court views Plaintiffs' filing of the Complaint in this Court as one made in good faith based on the evidence Plaintiffs had access to at the time and their genuine belief in this Court's ability to exercise personal jurisdiction over Defendants based on said evidence. Transfer to the Eastern District of Pennsylvania, as opposed to dismissal without prejudice, serves the interest of justice to protect Plaintiffs from the forfeiture that could result from the statute of limitations running on Plaintiffs' claims while the action has been pending in this Court.[21] Moreover, even if the statute of limitations has not run, transfer also prevents the possible extinguishment of Plaintiffs' claims that are based on the "70-Year Concession," which was allegedly provided in 1955 and would have expired in 2025.[22]

The Court rejects Defendants' argument that Plaintiffs have shown a lack of diligence and that Plaintiffs inexplicably waited more than four years to seek transfer. As the Court previously stated, this case has not yet advanced past the pleadings stage due to the three separate agreements between the parties to stay the case while other courts addressed issues relevant to this case. The case was reopened in July 2025, and Plaintiffs filed the instant motion to transfer less than three months later. The Court finds no undue delay. The Court likewise finds Defendants' other arguments unavailing and insufficient to overcome the interests of justice that are served by transfer to the Eastern District of Pennsylvania.

## III. CONCLUSION

For the reasons stated herein, the Court determines that it lacks jurisdiction over all four

---

[21] *See USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 277 (5th Cir. 2011) (finding that transfer of the appeal rather than dismissal best served the interest of justice because a new appeal would be barred as untimely and there was nothing to indicate the appellants acted in bad faith by filing the appeal in the wrong court); *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 292 (5th Cir. 1997) (finding same); *see also Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 799 (5th Cir. 2021) ("[Section 1631] was specifically designed to protect federal litigants from the forfeiture that could result from a statute of limitations running after a plaintiff's mistakenly filing an action in a court that lacks jurisdiction when the interests of justice so demand[.]").
[22] *See, e.g.*, R. Doc. 1 at ¶¶ 79–83.

defendants—A.P. Moller-Maersk A/S; Maersk A/S; Maersk, Inc.; and Maersk Agency. The Court further determines that the United States District Court for the Eastern District of Pennsylvania would have been able to exercise jurisdiction over Maersk A/S and Maersk Agency at the time this action was filed. The Court further determines that, in the interest of justice, Plaintiffs' claims against Maersk A/S and Maersk Agency should be severed and transferred as their own action to the Eastern District of Pennsylvania. Because this Court lacks personal jurisdiction over A.P. Moller-Maersk A/S and Maersk, Inc., and because the other requirements for transfer under Section 1631 are not satisfied with respect to these defendants, Plaintiffs' claims against A.P. Moller-Maersk A/S and Maersk, Inc. should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2). And lastly, lacking personal jurisdiction over all defendants, the Court makes no determination regarding Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (R. Doc. 63).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Transfer Venue (R. Doc. 56) is **GRANTED** insofar as Plaintiffs move to transfer their claims against Maersk A/S and Maersk Agency to the Eastern District of Pennsylvania.

**IT IS THEREFORE FURTHER ORDERED** that Plaintiffs' claims against Maersk A/S and Maersk Agency are hereby **SEVERED** and shall be **TRANSFERRED** as their own action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631.[23]

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Lack of Personal

---

[23] Pursuant to Local Rule 83.5.1, this transfer order is automatically stayed for 21 days from the date the order is entered on the docket. If this order remains in effect at the conclusion of the 21-day stay, the Clerk of Court shall transfer the action without further order from the Court.

Jurisdiction (R. Doc. 62) is **GRANTED IN PART and DENIED IN PART**. The motion is granted with respect to Plaintiffs' claims against Defendants A.P. Moller-Maersk A/S and Maersk, Inc.; and the motion is denied with respect to Plaintiffs' claims against Maersk A/S and Maersk Agency.

      **IT IS THEREFORE FURTHER ORDERED** that Plaintiffs' claims against Defendants A.P. Moller-Maersk A/S and Maersk, Inc. are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

      New Orleans, Louisiana, this 27th day of May 2026.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**